UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI D. MOORE,

        Plaintiff,

v.

                                      Case Number: 08-12353

THIRD JUDICIAL CIRCUIT OF MICHIGAN and   Honorable Julian Abele Cook, Jr.
BERNARD J. KOST,

        Defendants.

## ORDER

This case concerns allegations by the Plaintiff, Kelli D. Moore, that the Defendants, the Third Judicial Circuit of Michigan and Bernard J. Kost, engaged in acts of discrimination and retaliation against her in violation of Title VII of the Civil Rights Act and the Michigan Elliott-Larsen Civil Rights Act. On July 23, 2008, the Defendants filed a motion in which they seek to obtain a directive from the Court that will strike Moore's first amended complaint because it is, in their opinion, not in compliance with Fed. R. Civ. P. 8 and 12(f). Moore responded in opposition to this motion on August 6, 2008.

On June 2, 2008, Moore filed a "58-page, 191-paragraph [long] Complaint." Shortly thereafter, the Defendants sent Moore a letter in which they expressed their collective position that her complaint "failed to conform to general pleading requirements set forth in Fed. R. Civ. P. 8(a)(2) which require that a complaint shall contain 'a short and plain statement of the claim,' and Fed. R. Civ. P. 8(e), which requires that '[e]ach averment of a pleading shall be simple, concise,

1

and direct.'" On July 2, 2008, Moore's counsel agreed to file an amended complaint which was served on the Defendants about two weeks later. However, the Defendants claim that Moore's "62-page, 232-paragraph First Amended Complaint" violates the spirit and the provisions of Fed. R. Civ. P. 8 in that it "serves no purpose other than to improperly burden and harass [the] Defendants." The Defendants also submit that Moore's first amended complaint "is being inappropriately utilized as a discovery device and to . . . embarrass [the] Defendants . . . ."

In her response, Moore denies the Defendants' allegations that her first amended complaint fails to conform to the pleading requirements in Fed. R. Civ. P. 8(a)(2) which, she claims, "is incorrectly interpreted by [them] to require a short complaint."[1]

Fed. R. Civ. P. 8(a)(2) provides that a pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Moore's first amended complaint appears to lay out her six counts against the Defendants on pages 50-61 in a manner that complies with Fed. R. Civ. P. 8(a)(2), her "statement of facts" from pages 3 to 50 does not satisfy the pleading requirements of the Federal Rules of Civil Procedure. It is overly long and detailed and the prolixity of the 193-paragraph fact section creates an undue burden upon the Defendants. The Court agrees with the Defendants' characterization that answering the "excruciatingly detailed [complaint] would take many weeks to investigate and fully answer." The Court does not believe that Moore has provided any plausible explanation for the need to use such

---

[1] The Court did not find any statement by the Defendants in their motion which claims that a short complaint is required. Thus, Moore's discussion of *Trew v. American Institute of Intradermal Cosmetics, Inc.*, 2005 U.S. Dist. Lexis 44162 (W.D. Tenn. May 3, 2005) is not on point. In *Trew*, the court stated that Fed. R. Civ. P. 8 mandates short and plain statements of claims, not short complaints. Here, the Defendants are not arguing that Moore's complaint should be short. Rather, they are arguing that she goes into unnecessary and exhaustive detail regarding the facts which form the basis for her six counts against them.

a long, detailed fact section to assert her claims of being sexually harassed by her supervisor and retaliated against by her employer.

For all of the reasons stated above, the Court grants the Defendants' motion to strike Moore's first amended complaint from the docket and orders Moore to file and serve a second amended complaint which complies with the Federal Rules of Civil Procedure within fourteen (14) days of the entry of this order. Finally, the Court declines to grant the Defendants' request for costs, as it does not believe that Moore's behavior thus far merits such a sanction.

IT IS SO ORDERED.

Dated:  November 10, 2008                  s/Julian Abele Cook, Jr.
     Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                            United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 10, 2008.

                                                       s/ Kay Alford
                                                       Case Manager